MEMORANDUM **
Luis Cedano (Cedano) was not entitled to a judgment of acquittal. The crime of bringing an illegal alien to the United States for financial gain “does not terminate until the initial transporter who brings the aliens to the United States ceases to transport them ...” United, States v. Lopez, 484 F.3d 1186, 1188 (9th Cir.2007) (en banc). A conviction for aiding and abetting the “bringing to” crime is permissible if the aid occurs prior to the termination of the underlying crime. Id. at 1199. Viewing the evidence in the light most favorable to the prosecution, see United States v. Rosales, 516 F.3d 749, 751-52 (9th Cir.2008), the facts support a finding that the initial transporter who brought the aliens to the United States had not ceased transporting the aliens at the time Cedano became involved.
Cedano’s argument that the government tailed to prove the financial gam element of the “bringing to” crime is also without merit. “[T]he government [can] make out this element merely by proving that a principal—not necessarily [the defendant] himself—committed the crime with a pecuniary motive ...” United States v. Tsai, 282 F.3d 690, 697 (9th Cir.2002). The evidence in this case demonstrates that each alien being transported across the border intended to pay approximately $1,500 for safe passage. This evidence was sufficient to support conviction on the financial gain element. See id.
The jury instructions regarding aider and abettor liability were not erroneous. Reading the instructions as a whole, they were neither misleading nor inadequate to guide the jury’s deliberations. See United States v. Cherer, 513 F.3d 1150, 1154 (9th Cir.2008). Rather, the instructions walked the jury through the necessary steps to find that a principal committed the underlying crime and then guided the jury through those steps necessary to conclude that the alleged aider and abettor knowingly and intentionally acted to further that crime while it was ongoing. In fact, the instructions incorporated the Lopez holding, insuring that the jury found that the initial transporter had not ceased transporting the aliens.
Our recent decision in United States v. Hernandez-Orellana, 539 F.3d 994 (9th Cir.2008), does not compel reversal. In that case, the pivotal fact was that no evidence linked the defendant to the transported aliens. See id. at 1005-06. No similar circumstance exists in this case.
Even if there were error, reversal would not be warranted. A flawed jury instruction is harmless “if it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.” Cherer, 513 F.3d at 1155 (citation and internal quotation marks omitted). As noted above, the evidence was sufficient to support a finding of aider and abettor liability on the financial gain element of the underlying crime. The jury convicted solely on this theory of guilt. Given the overwhelming facts supporting guilt, it is beyond reasonable doubt that a rational jury would find Cedano guilty under an aiding and abetting theory.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.